**United States District Court**
**Middle District of Florida**
**Orlando Division**

**ORL, LLC, BLUE HERON BEACH RESORT**
**DEVELOPER, LLC, FRED W. SCHINZ, JOHN**
**T. CHAIN, JR., J. RON ROGERS, LES W.**
**BURKE,**

<b>Plaintiffs,</b>

-vs-                                                       **Case No.  6:11-cv-562-Orl-19DAB**

**HANCOCK BANK a Mississippi corporation, as**
**assignee of & successor in interest to Peoples**
**First Community Bank, FSB, a Florida**
**corporation,**

<b>Defendant.</b>
_____

<b>ORDER</b>

This case comes before the Court on the following:

1.    Motion for Enlargement of Time and Incorporated Memorandum of Law by ORL, LLC,

Blue Heron Beach Resort Developer, LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron

Rogers, and Les W. Burke (Doc. No. 27, filed June 1, 2011);

2.    Motion for Permission to File the Attached Amended Complaint and Incorporated

Memorandum of Law by ORL, LLC, Blue Heron Beach Resort Developer, LLC, Fred W.

Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke (Doc. No. 28, filed June 6,

2011); and

3.    Memorandum of Law in Opposition to Plaintiffs' Motion for Enlargement of Time and

Incorporated Memorandum of Law by Hancock Bank (Doc. No. 29, filed June 14, 2011).

<b>Background</b>

On February 23, 2011, ORL LLC, Blue Heron Beach Resort Developer LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke, (collectively "Plaintiffs"), filed a seven-count Complaint against Hancock Bank ("Hancock") as assignee of and successor in interest to Peoples First Community Bank, FSB ("Peoples First").  (Doc. No. 2, filed Apr. 6, 2011.)  The Complaint, originally filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, alleges the existence of a joint venture between Peoples First and Colonial Bank ("Colonial") relating to Plaintiffs loans.[1]  (*Id*. ¶ 87.)  Hancock removed the action to the United States District Court for the Middle District of Florida on April 6, 2011.  (Doc. No. 1.)  That same day, Hancock filed a Motion to Dismiss Complaint with Prejudice and Supporting Memorandum of Law.  (Doc. No. 4.)  Plaintiffs responded in opposition on April 28, 2011.  (Doc. No. 19.)

On May 27, 2011, the Court granted Hancock's Motion to Dismiss, concluding that Plaintiffs' claims were barred by the *D'Oench* doctrine set forth in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942), because the Complaint failed to allege the existence of a written document memorializing a joint venture between Peoples First and Colonial.  (Doc. No. 26 at 11.)  However, the Court granted Plaintiffs leave to file an amended complaint within ten days, "in order to afford them the opportunity to allege, if such document exists, the existence of a joint venture specifically memorialized in a written document such that the FDIC would be aware of the obligation when conducting an examination of Peoples First's records."  (*Id*. at 12.)

On June 1, 2011, Plaintiffs filed the present Motion for Enlargement of Time and

---

[1] Specifically, Plaintiffs allege that "Hancock is liable for all wrongs suffered by ORL and Blue Heron relating to the ORL Loan and the Blue Heron Loan.  As stated, Colonial and Peoples First were joint venturers for the purpose of profiting from interest payments from Blue Heron Resort loans.  Colonial's aforementioned breaches of contract and torts were committed within the scope of that purpose, making Peoples First and its successor, Hancock, liable for such wrongs." (Doc. No. 2 ¶ 77.)

Incorporated Memorandum of Law requesting a forty-five day extension of time to file an amended complaint. (Doc. No. 27 at 3.) Hancock responded in opposition. (Doc. No. 29.) On June 6, 2011, Plaintiffs filed a Motion for Leave to File Attached Amended Complaint seeking alternative relief in the event that the Court were to deny Plaintiffs' request for an enlargement of time. (Doc. No. 28.)

### Analysis

In the present Motion for Enlargement of Time, Plaintiffs contend that the requested forty-five day extension should be granted in order to provide sufficient time for Hancock to respond to Plaintiffs' Requests for Production and Interrogatories, which will in term allow Plaintiffs to "fully allege the joint venture" between Peoples First and Hancock. (Doc. No. 27 at 3.) In response, Hancock contends that the requested extension of time to conduct discovery is improper. (Doc. No. 29 at 3-4.) The Court agrees.

A pre-suit investigation by Plaintiff's counsel should have revealed whether Plaintiffs could allege the existence of a written document memorializing a joint venture between Peoples First and Colonial. *See* Fed. R. Civ. P. 11(b) (requiring "an inquiry reasonable under the circumstances" by counsel before making representation to a court). "Discovery is not an appropriate cure for [such a] pleading defect." *Goldin v. Boce Grp., L.C.*, No. 11-20027-CIV-KING, 2011 WL 1157618, at *4 (S.D. Fla. Mar. 29, 2011). "Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephen, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (finding plaintiffs should not be allowed to take discovery to determine if they could amend the complaint to state a cognizable claim); *see also Liles v. Stuart Weitzman LLC*, No. 09-61448-CIV, 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010) ("The Court will not permit

discovery of Plaintiffs's prior employment records for the purpose of seeking to find some evidence of wrongful conduct by Plaintiff.").  Accordingly, Plaintiffs Motion for Enlargement of Time to conduct discovery will be denied.  On the other hand, Plaintiffs' timely Motion for Permission to File the Attached Amended Complaint will be granted.

### Conclusion

Based on the foregoing, the Motion for Enlargement of Time and Incorporated Memorandum of Law by ORL, LLC, Blue Heron Beach Resort Developer, LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke (Doc. No. 27, filed June 1, 2011) is **DENIED**.  The Motion for Permission to File the Attached Amended Complaint and Incorporated Memorandum of Law by ORL, LLC, Blue Heron Beach Resort Developer, LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke (Doc. No. 28, filed June 6, 2011) is **GRANTED**.  Plaintiffs are directed to file the a complete copy of the Amended Complaint, currently attached as Exhibit E to Docket Number 28-5, including any attachments within five (5) days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 20, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party