**United States District Court**
**Middle District of Florida**
**Orlando Division**

ORL, LLC, BLUE HERON BEACH
RESORT DEVELOPER, LLC, FRED W.
SCHINZ, JOHN T. CHAIN, JR., J. RON
ROGERS, LES W. BURKE,

                    Plaintiffs,

-vs-                                      Case No. 6:11-cv-562-Orl-19DAB

HANCOCK BANK a Mississippi
corporation, as assignee of & successor in
interest to Peoples First Community Bank,
FSB, a Florida corporation,

                      Defendant.
_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Amended Complaint with Prejudice and Supporting Memorandum of Law by Hancock Bank (Doc. No. 36, filed July 6, 2011); and

2. Notice of Voluntary Dismissal Without Prejudice by ORL, LLC, Blue Heron Beach Resort Developer, LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke (Doc. No. 37, filed July 8, 2011).

### Background

On February 23, 2011, ORL LLC, Blue Heron Beach Resort Developer LLC, Fred W. Schinz, John T. Chain, Jr., J. Ron Rogers, and Les W. Burke, (collectively "Plaintiffs"), filed a seven-count Complaint against Hancock Bank ("Hancock") as assignee of and successor in interest to Peoples First Community Bank, FSB ("Peoples First"). (Doc. No. 2, filed Apr. 6,

2011.) The Complaint, originally filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, was removed to the United States District Court for the Middle District of Florida on April 6, 2011. (Doc. No. 1.) Hancock filed a Motion to Dismiss Complaint with Prejudice and Supporting Memorandum of Law, and on May 27, 2011, the Court granted Hancock's Motion to Dismiss in part, concluding that Plaintiffs' claims were barred by the "*D'Oench* doctrine" set forth in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942). (Doc. No. 4, filed Apr. 6, 2011; Doc. No. 26 at 11.) However, the Court granted Plaintiffs leave to file an amended complaint. (*Id.* at 12.)

On June 27, 2011, Plaintiffs timely filed an Amended Complaint. (Doc. No. 32, filed June 27, 2011.) In response, Hancock filed a Motion to Dismiss Amended Complaint with Prejudice and Supporting Memorandum of Law. (Doc. No. 36, filed July 6, 2011.) On July 8, 2011, Plaintiffs filed the present Notice of Voluntary Dismissal Without Prejudice. (Doc. No. 37.)

## Analysis

Pursuant to Federal Rule of Civil Procedure 41(a), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment...." Fed. R. Civ. P. 41(a)(1)(A)(i). In the present case, Plaintiffs filed the Notice of Voluntary Dismissal Without Prejudice before Hancock filed either an answer or a motion for summary judgment. Accordingly, the action will be dismissed without prejudice, and Hancock's Motion to Dismiss Amended Complaint will be denied as moot.

## Conclusion

Based on the foregoing, the present action is **DISMISSED without prejudice**. The Motion to Dismiss Amended Complaint with Prejudice and Supporting Memorandum of Law by

Hancock Bank (Doc. No. 36, filed July 6, 2011) is **DENIED as moot**.  The Clerk of the Court is directed to close this file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 15, 2011.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party